UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

SHAWNTRELL MARCEL NORINGTON,  )
                              )
            Plaintiff,        )
                              )
      vs.                     )     1:05-cv-1106-VSS-DFH
                              )
SGT. COX,                     )
                              )
            Defendant.        )

**Entry Discussing Pending Motions**

For the reasons explained in this Entry, the plaintiff's motion for summary judgment must be **denied** and the defendant's motion for judgment on the pleadings must be **granted.**

1.      As explained in the Entry issued following the pretrial conference conducted on July 12, 2006:

> The plaintiff's claim in this action against Sergeant Cox is based on an incident occurring at the Wabash Valley Correctional Facility on March 20, 2005. At that time, according to the plaintiff, he placed a Law Journal in a place where an inmate in a neighboring cell could retrieve it. Rather than this occurring, however, the defendant located the Law Journal in the hallway adjacent to the cell. According to the plaintiff, despite the defendant being given information as to ownership of the Law Journal, the defendant did not return the Law Journal to the plaintiff and the Law Journal has not been returned to him. The defendant represented that he found the Law Journal, could not determine the ownership of it, placed it on the cart of an inmate law library worker and has not seen the Law Journal since that time.

2.      The matter is before the undersigned based on the parties' consents filed pursuant to 28 U.S.C. § 636(c) and the order of reference issued by the Honorable David F. Hamilton.

3. Plaintiff Norington seeks resolution of his claim through the entry of summary judgment, while the defendant seeks resolution of that claim through his motion for judgment on the pleadings. A motion for judgment on the pleadings takes all facts as alleged in the complaint and contends that the movant is entitled to a substantive judgment as a matter of law. 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, **FEDERAL PRACTICE AND PROCEDURE** § 1367 (1990). Such a motion is reviewed under the same standard as a motion to dismiss. *Flenner v. Sheahan*, 107 F.3d 459, 461 (7th Cir. 1997); *Frey v. Bank One,* 91 F.3d 45, 46 (7th Cir. 1996), *cert. denied*, 117 S. Ct. 954 (1997); *Thomason v. Nachtrieb,* 888 F.2d 1202, 1204 (7th Cir. 1989). Thus, a motion for judgment on the pleadings may be granted only if, taking all well-pleaded allegations in the plaintiff's pleadings as true, and viewing the inferences drawn from those allegations in the light most favorable to the plaintiff, there are no genuine issues of material fact and the defendants are entitled to judgment as a matter of law. *Rooding v. Peters,* 92 F.3d 578 (7th Cir. 1996) (*citing Alexander v. City of Chicago,* 994 F.2d 333, 335 (7th Cir. 1993)). By contrast,

> [f]or the summary judgment we look to the evidence; we view the evidence in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986). Summary judgment is authorized if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Fed. R. Civ. P.* 56(c); *Anderson*, 477 U.S. at 247, 106 S. Ct. at 2509.

*Kolman v. Sheahan,* 31 F.3d 429, 431 (7th Cir. 1994)

4. Norington's motion for summary judgment fails to warrant resolution on his claim on that basis for two reasons. First, he has not supported that motion with evidentiary materials showing the absence of a material question of fact. Second and more important, his motion for summary judgment, even as supplemented through his filing of August 31, 2006, does not identify the federally secured right which forms the foundation of his claim against the defendant. In the absence of such right being identified, Norington cannot prevail on his motion for summary judgment, for "[a] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and . . . demonstrat[ing] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Accordingly, Norington's motion for summary judgment is **denied.**

5. Sgt. Cox's motion for judgment on the pleadings, by contrast, takes Norington's allegations as presented. Although this is a difficult standard to meet, in the circumstances of this case that motion must be granted.

   a. Norington claims that Sgt. Cox took Norington's Law Journal. This taking, as Norington describes it and as the court accepts that it occurred for the purpose of resolving Sgt. Cox's motion, was random and unauthorized.

b.  Any wrongful seizure of the Law Journal was not a violation of constitutional due process (the Fourteenth Amendment claim) because Norington had a meaningful post-deprivation remedy. Norington is absolutely correct that he was entitled to constitutional protections with respect to the seizure of his property, but this means nothing more and nothing less than due process, for that is the guarantee of the Fourteenth Amendment. *Zinerman v. Burch,* 110 S. Ct. 975, 983 (1990) ("Deprivation of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law . . . . The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process."). Norington had an adequate post-deprivation remedy because he could have sued in state court, IND. CODE § 35-43-4-3; *Lee Tool & Mould, Ltd. v. Ft. Wayne Pools, Inc.,* 791 F.2d 605, 608-09 (7th Cir. 1986) (defining elements of conversion under Indiana law), and also could have sought relief pursuant to the Indiana Tort Claims Act. *See* IND. CODE § 34-13-3-1 *et seq.* The unauthorized intentional taking of a prisoner's property does not violate due process so long as there are meaningful postdeprivation remedies for the loss. *See Hudson v. Palmer,* 486 U.S. 517, 533 (1984); *Wynn v. Southward,* 251 F.3d 588, 592-93 (7th Cir. 2001). Whether such a remedy was actually sought, and if sought whether it was successful, does not establish that Indiana's remedy is inadequate. *See Hamlin v. Vaudenberg,* 95 F.3d 580, 585 (7th Cir. 1996) (holding that post-deprivation remedy must be "meaningless or nonexistent" to be inadequate); *Easter House v. Felder,* 910 F.2d 1387, 1406 (7th Cir. 1990) (explaining that state remedy is not necessarily inadequate because it is uncertain or incomplete). Thus, Norington's due process claim associated with the taking of his Law Journal is legally insufficient because of the existence of meaningful post-deprivation remedies.

c.  It is also possible to focus on the nature of the property taken and inquire whether the taking of Norington's Law Journal deprived him of his right of access to the courts. The existence of post-deprivation remedies is relevant only to due process claims, and so would not be conclusive as to a different violation of Norington's rights.

d.  Prisoners have a constitutional right to meaningful access to the courts, with which the state may not interfere. *Hudspeth v. Figgins,* 584 F.2d 1345, 1347 (4th Cir. 1978). This right "is the most fundamental right he or she holds. 'All other rights of an inmate are illusory without it, being entirely dependent for their existence on the whim or caprice of the prison warden.'" *DeMallory v. Cullen,* 855 F.2d 442, 446 (7th Cir. 1988) (quoting *Adams v. Carlson,* 488 F.2d 619, 630 (7th Cir. 1973)). In *Lewis v. Casey,* 116 S. Ct. 2174, 2180 (1996), the Supreme Court held that to satisfy the element of actual injury, which is necessary to establish the denial of access to the courts, an inmate must "demonstrate that the alleged [violation] . . . hindered his efforts to pursue a legal claim." Here, there is no allegation or suggestion that any lawsuit has been dismissed or otherwise placed in jeopardy because of the action of the defendant. The absence of such detriment "is fatal .

. . under any standard of sufficiency." *Martin v. Davies,* 917 F.2d 336, 340 (7th Cir. 1990) (giving as examples of prejudice "court dates missed" and "inability to make timely filings"), *cert. denied,* 501 U.S. 1208 (1991); *see also Christopher v. Harbury,* 536 U.S. 403, 415 (2002) (a prisoner claiming he was denied access to the courts must ultimately prove he suffered an actual injury by showing that the defendant's acts hindered his ability to pursue a non-frivolous legal claim; the right of access to the courts is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court"); *Ortloff v. United States,* 335 F.3d 652, 656 (7th Cir. 2003) (explaining that allegations sufficient to plead specific prejudice might include missed court deadlines, failure to make timely filings, or dismissal of legitimate claims); *Tarpley v. Allen County, Indiana,* 312 F.3d 895, 899 (7th Cir. 2002) (without a showing "that the defendants prevented him from pursuing a non-frivolous legal action," a prisoner cannot prove a constitutional violation). Even viewing Norington's allegations as implicating his right of access to the courts thus does not warrant survival of his lawsuit.

6.   For the reasons explained above, therefore, the defendant's motion for judgment on the pleadings is granted, the plaintiff's motion for summary judgment is denied, and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 09/07/2006

*V. Sue Shields*

V. Sue Shields, Magistrate Judge