UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SHAWNTRELL MARCEL NORINGTON,<br><br>          Plaintiff,<br>   vs.<br><br>SGT. COX,<br><br>          Defendant. | 1:05-cv-1106-DFH-JMS |

**E N T R Y**

Through his motion for reconsideration of judgment in favor of defendants (dkt 73), the plaintiff seeks relief from the final judgment entered on the clerk's docket on September 7, 2006.

Rule 60(b) contains five clauses delineating specific grounds for obtaining relief as well as a catchall clause in Rule 60(b)(6). A motion for relief from judgment pursuant to *Fed. R. Civ. P.* 60(b) permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud. *American Federation of Grain Millers, Local 24 v. Cargill Inc.,* 15 F.3d 726, 728 (7th Cir. 1994). None of these grounds are evident or alleged in the petitioner's motion to alter or amend judgment. What that motion is premised on, instead, is the plaintiff's disagreement with the court's conclusion that the defendant was entitled to the entry of summary judgment and his reminder that he had requested a trial by jury in this case. As to the first point, the plaintiff's disagreement with this conclusion is not an adequate basis for even arguing a case for relief under Rule 60(b). *Parke-Chapley Construction Co. v. Cherrington,* 865 F.2d 907, 915 (7th Cir. 1989). If the rule were construed otherwise, "a party could circumvent the ordinary time limitation for filing a notice of appeal." *Russell v. Delco Remy Div. of General Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995); *see also McKnight v. United States Steel Corp.,* 726 F.2d 333, 338 (7th Cir. 1984) ("The appropriate way to seek review of alleged legal errors is by timely appeal; a 60(b) motion is not a substitute for appeal or a means to enlarge indirectly the time for appeal."). As to the second point, the award of summary judgment in appropriate cases does not usurp the jury function and does not violate the Seventh Amendment's guarantee to a jury trial. *Fidelity & Deposit Co. v. United States ex rel. Smoot,* 187 U.S. 315, 319-321 (1902); see also *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S. Ct. 2505 (1986) (summary judgment proper where no genuine issue of fact); *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 290 (1968) If a party cannot show that claims and defenses are adequately based in fact, there is no right to present them to a jury. *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986).

    The plaintiff's motion for reconsideration must also be denied because it is untimely. That is, it has both been filed (a) more than one year after the entry of final judgment, and (b) longer after a "reasonable time" for such a motion. This time limit is jurisdictional and cannot be extended. *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006).

    So ordered.

*David F. Hamilton*

DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 4/4/2008

Distribution:

Office of the Indiana Attorney General
Indiana Government Center South, Fifth Floor
402 West Washington Street
Indianapolis, IN 46204-2770

Shawntrell Marcel Norington
#138726
Westville Correctional Facility
P. O. Box 473
Westville, IN  46391-0473